T.C. Summary Opinion 2018-48


UNITED STATES TAX COURT


LETITIA BURNS O'CONNOR AND ESTATE OF DANA LEVY, DECEASED,
LETITIA BURNS O'CONNOR, SPECIAL ADMINISTRATRIX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3794-16S.                    Filed October 4, 2018.


Letitia Burns, pro se.

<u>Christopher J. Richmond</u> and <u>Linette B. Angelastro</u>, for respondent.


SUMMARY OPINION


GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.[1]

Respondent seeks repayment from petitioners of advance payments made on their behalf of the premium assistance credit under section 36B, Refundable Credit for Coverage Under a Qualified Health Plan, made for 2014. He issued a notice of deficiency for 2014 disallowing petitioners' premium assistance credit of $8,430 and determining a tax deficiency of that same amount and a section 6662(a) accuracy-related penalty. Respondent concedes the section 6662(a) penalty.

The issues for our consideration are whether petitioners are entitled to a premium assistance credit for 2014, and if they are not, whether they are required to repay the advance payments of the credit. We hold they are not entitled to the credit and must repay it.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated herein by this reference.

Petitioners are a widow and her deceased husband's estate. Dana Levy died on March 8, 2017, after the petition's filing. For simplicity we refer to Ms.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

O'Connor and Mr. Levy as petitioners. Petitioners resided in California when they filed the petition. They filed a joint tax return for 2014 and claimed their son, a college student, as a dependent.

During 2014 Ms. O'Connor was self-employed providing services in book publishing and college admissions consulting. Before 2014 she had purchased healthcare insurance for herself and her son. Beginning in March 2014 she enrolled in a healthcare insurance plan for herself and her son through Covered California, a health insurance exchange created under the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119 (2010). She believed that she would save money by enrolling in healthcare insurance through the exchange. The insurance premium under the plan was $980.69 a month. A representative of Covered California determined on the basis of the income reported on petitioners' 2013 joint tax return that Ms. O'Connor and her son were eligible for an advance payment of the premium assistance credit of $843 per month. Advance payments were made directly to their insurer for March through December 2014. See ACA sec. 1412(a)(3), 124 Stat. at 231-232 (providing an advance eligibility determination). Ms. O'Connor paid the remaining $137.69 monthly premium. Before 2014 the family had paid approximately $1,000 per month on healthcare insurance.

During 2014 Mr. Levy had healthcare insurance through Medicare and private supplemental healthcare insurance. In 2009 Mr. Levy was diagnosed with an incurable form of non-Hodgkin's lymphoma. He was unable to work. After a period of remission, he suffered a relapse in the beginning of 2014. In late 2014 Mr. Levy's doctor believed that the cancer was terminal. As a result of Mr. Levy's illness, petitioners began to liquidate retirement savings and other assets to pay their daily living expenses and to pay a portion of their son's college tuition. Their son also worked and received scholarships and financial aid. In March 2014 Ms. O'Connor liquidated a life insurance policy. In late 2014 petitioners decided to sell family heirlooms, including art prints, wood bowls, and a handcrafted wooden rocking chair that Mr. Levy had purchased as a wedding present for his wife. They received the sale proceeds in December 2014. They reported capital gain from the sales of these items of $26,412 on their 2014 joint tax return.

On their 2014 tax return petitioners reported adjusted gross income (AGI) of $94,007. Ms. O'Connor reported her income and expenses from her businesses on Schedule C, Profit or Loss From Business. She reported business income of $37,931. Petitioners reported $19,645 in annuity income from John Hancock Life Insurance Co. and $18,665 as the taxable portion of Mr. Levy's Social Security benefits. Mr. Levy also had untaxed Social Security benefits of $3,264.

Petitioners' 2014 return was prepared by their longtime return preparer. The return preparer did not prepare Form 8962, Premium Tax Credit (PTC), and petitioners did not attach Form 8962 to their return. Petitioners did not understand that they were required to determine the allowable premium assistance credit (allowable credit) on the basis of their income as reported on their 2014 return. They did not understand that they would have to increase their 2014 tax liability if the advance payments of the credit exceeded the allowable credit as determined by their 2014 income. Petitioners qualified for the premium assistance credit for 2015 and 2016.

Respondent issued a notice of deficiency determining that petitioners were not eligible for a premium assistance credit because their modified AGI exceeded the allowable amount. He determined that petitioners had modified AGI for 2014 of $97,271, including the AGI reported on their 2014 return plus the untaxed portion of Mr. Levy's Social Security benefits. In the notice of deficiency respondent determined that petitioners had a tax deficiency in the amount of the advance payments made on their behalf and determined that they were liable for an accuracy-related penalty under section 6662(a).

## Discussion

Section 36B establishes a refundable premium assistance credit to subsidize the cost of health insurance purchased through a health insurance marketplace for taxpayers meeting certain statutory requirements.  See sec. 36B; sec. 1.36B-2(a), Income Tax Regs.; see also McGuire v. Commissioner, 149 T.C. ___, ___ (slip op. at 7) (Aug. 28, 2017).  Eligible taxpayers may claim the premium assistance credit for health insurance covering themselves and their dependents.  Sec. 36B(b)(2)(A).

The credit is available to households with incomes between 100% and 400% of the Federal poverty line.  Sec. 36B(c)(1)(A), (d)(3)(B).  The Federal poverty line is established by the most recently published guidelines in effect on the first day of the regular enrollment period preceding the taxable year.  Sec. 36B(d)(3); sec. 1.36B-1(h), Income Tax Regs.  The taxpayer's family size is the number of individuals for whom the taxpayer may claim a personal exemption deduction.  Sec. 1.36B-1(d), Income Tax Regs.  For a three-person household living in California, the Federal poverty line was $19,530 for 2014, and 400% of the Federal poverty line was $78,120.  See 78 Fed. Reg. 5182-5183 (Jan. 24, 2013).  For eligibility for the section 36B credit, household income is the sum of the taxpayer's modified AGI plus the modified AGI of each family member (1) for

whom the taxpayer claimed a personal exemption deduction and (2) who was required to file a tax return.  Sec. 36B(d); sec. 1.36B-1(e)(1), Income Tax Regs.  A taxpayer's modified AGI is his AGI within the meaning of section 62 increased by certain items including untaxed Social Security benefits under section 86.  Sec. 36B(d)(2)(B); sec. 1.36B-1(e)(2)(iii), Income Tax Regs.  Mr. Levy received untaxed Social Security benefits.

Advance payments of the premium assistance credit may be made directly to an insurance provider during the year.  ACA sec. 1412, 124 Stat. at 231 (codified at 42 U.S.C. sec. 18082 (2012)).  Taxpayers must report the advance payments on their tax return and reconcile the advance payments with the allowable premium assistance credit as determined on the basis of income reported on their return.  Sec. 36B(f)(2); sec. 1.36B-4(a)(1)(ii)(A), Income Tax Regs.  If the advance payments exceed the allowable credit, the taxpayer must increase his income tax liability for the year by the excess amount.  Sec. 36B(f)(2); sec. 1.36B-4(a)(1)(ii)(A), Income Tax Regs.  If household income is greater than 400% of the Federal poverty line, the taxpayer is not eligible for any credit.  He must repay the entire amount of the advance payments made on his behalf during the year.  Sec. 36B(c)(1)(A), (f)(2)(B).  Repayment is made by increasing his tax liability by the full amount of the advance payments.  Id.

Respondent determined that petitioners had modified AGI of $97,271, including AGI reported on their 2014 return of $94,007 and Mr. Levy's untaxed Social Security benefits of $3,264. Respondent determined that petitioners' modified AGI exceeded 400% of the Federal poverty line. Petitioners argue that they overreported the capital gain on the sale of their rocking chair by approximately $3,000. However, even if the disputed capital gain were excluded from their modified AGI, their modified AGI would still exceed 400% of the Federal poverty line, they would be ineligible for the premium assistance credit, and they would have to repay the entire amount of the advance payments as tax owed. See sec. 36B(f)(2).

Petitioners argue that we should exclude the capital gain from the one-time sale of the rocking chair from their modified AGI. They sold their family heirlooms to assist their son in paying his college tuition. The gain from that sale unfortunately made them ineligible for the premium assistance credit. However, section 36B(d)(2) does not provide an exclusion for a sale of a capital asset. Petitioners also argue for equitable relief from repayment of the credit. We are sympathetic to petitioners' case. However, the Code provides no equitable relief in this instance. Because petitioners were not entitled to any amount of a premium

assistance credit, they must increase their tax liability by the entire amount of the advance payments of the credit made on their behalf.[2]

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

Decision will be entered under

Rule 155.

---

[2]Respondent concedes that petitioners are entitled to an increased self-employed health insurance deduction in the amount of the premium assistance credit disallowed. The increased deduction was not reflected in the notice of deficiency.